IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| E.A. HAKIM CORP., *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>NEW WINCUP HOLDINGS, INC., *et al.*,<br><br>**Defendants** | CIVIL NO. 11-1232 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is New WinCup Holdings, Inc.'s ("Defendant" or "WinCup") Motion for Reconsideration. (Docket No. 43). For the reasons set forth below, the Court **GRANTS** Defendant's Motion and hereby dismisses Plaintiff's claim pursuant to Law 75.

**FACTUAL AND PROCEDURAL BACKGROUND**

E.A. Hakim ("Plaintiff") filed this action due to the termination of a brokerage agreement. Plaintiff claimed that he was entitled to relief pursuant Puerto Rico's Sales Representative Act, 10 P.R. Laws Ann. 279-279h ("Law 21") and Puerto Rico's Dealers' Contracts Act, 10 P.R. Laws Ann. 278-278d ("Law 75").

WinCup filed for summary judgment alleging that (1) the brokerage agreement between the parties was non-exclusive and

Civil No. 11-1232 (JAG)                                                    2

(2) the parties lacked an established relationship that could be deemed a dealership contract under Law 75. (Docket No. 14) Plaintiff timely opposed Defendant's motion. (Docket No. 34)

The Court granted in part and denied in part Defendant's motion for summary judgment. (Docket No. 42) The Court found that, as Defendant argued, Plaintiff was not an exclusive sales representative, and, as a result, the Law 21 claim was dismissed. On the other hand, the Court found genuine issues of material fact concerning whether the relationship between the parties could also be deemed a dealership contract, and, therefore, denied the motion for summary judgment in regards to the Law 75 claim.

Defendant then filed a motion for reconsideration of the Court's ruling on the issues concerning Law 75. (Docket No. 43) Plaintiff did not file an opposition within the term provided by the rules. The Court thus deems the same unopposed.

## MOTION FOR RECONSIDERATION

Federal Courts consider motions for reconsideration under Rule 59(e) if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.

Civil No. 11-1232 (JAG)                                             3

1994)(citing F.D.I. Corp. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir.1992)). However, when "reconsideration" is sought from an interlocutory order (e.g. denial of a motion for summary judgment), the motion is considered as a request for the court to revisit an earlier ruling. See Auto Services Co., Inc. v. KPMG, LLP, 537 F.3d 853, 856 (8th Cir. 2008). Finally, motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**DISCUSSION**

Defendant moves specifically for a reconsideration of the Court's ruling on the Law 75 claim. Defendant alleges that independently of the nature of the relationship between the parties, the same is still ongoing, and thus, Plaintiff lacks an actionable Law 75 claim.[1] The Court previously denied this argument, as it was unconvinced by Defendant's cited caselaw in support, which involved the Petroleum Marking Services Act ("PMPA"). (See Docket No. 42, p. 16)  Nonetheless, Defendant

---

[1] In the alternative, Defendant avers that even if the Court finds that the parties' dealer relationship has been affected, Plaintiff does not assert any claims for impairment in his complaint, as this is a termination claim. (Docket No. 43, p. 6)

Civil No. 11-1232 (JAG)                                                4

moves to clarify this issue and further explain why, after the Court's ruling in its Opinion and Order, Plaintiff is left with no ammunition.

Defendant first emphasizes that, as Plaintiff himself admits, their relationship—whether or not there was a dealer relationship governed by Law 75—is still ongoing, and that Plaintiff still purchases approximately the same amount of products (since the termination of the brokerage agreement), and with the 5 to 7 % discount (Docket Nos. 14, p. 5; 34-2, ¶ 4, 12). Second, Defendant points to Plaintiff's Statements, where he claims that the alleged dealer relationship has been impaired (and that he thus has an actionable Law 75 claim) for two reasons: (1) he no longer has exclusivity to sell Defendant's products in Puerto Rico, and (2) he no longer receives commissions for purchases for his own account. (See Id.). Defendant explains that, since the Court found that Plaintiff was never entitled to exclusivity to sell Defendant's products as a sales representative in Puerto Rico, (see Docket No. 42), the only possible impairment to their ongoing relationship is the loss of commission. Nonetheless, it claims that the loss of commission was never related to their alleged distributor relationship, and, therefore, their "Law 75" relationship is unaffected.

Defendant clarifies that Plaintiff received commission as compensation for his services as a Broker, pursuant to the Brokerage agreement. (Docket no. 14-2, p. 2-3). In support, Defendant cites the agreement: "As full compensation for all services rendered by Broker under this Agreement . . . Company shall pay to Broker a commission based on the net selling price." Defendant claims these commissions were completely unrelated to the alleged dealer relationship Plaintiff might have developed with Defendant. Defendant alleges Plaintiff received commission in his capacity as a broker. Plaintiff, in his statements or motions, does not prove otherwise. In fact, by Plaintiff's own admission, the dealer relationship "existed parallel" to their broker agreement, (See Docket No. 34, P. 15). Defendant thus claims that the loss of commission has had no bearing over the ongoing dealer relationship between the parties. The Court, after reviewing the record and reconsidering both parties' motions, is convinced by Defendant's argument.

The Court finds that, as Defendant argues, the alleged dealer relationship between the parties has not been impaired. More importantly, Plaintiff has not responded to Defendant's motion for reconsideration, which clarifies key issues in this case, and presents a colorable argument concerning Plaintiff's Law 75 claim. The same is unopposed and sways this Court to rule

Civil No. 11-1232 (JAG)                                              6

in Defendant's favor. Given the Court's previous ruling on Plaintiff's lack of exclusivity as a dealer, and Plaintiff's own admissions concerning his ongoing relationship with Defendant, the Court finds that Plaintiff's Law 75 claim should be dismissed.

Since the Court finds dismissal is proper, we need not go further in regards to Defendant's remaining arguments.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's motion for reconsideration. Plaintiff's Law 75 claim shall be dismissed. Judgment shall follow accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of June, 2012.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge